State of Wisconsin, Plaintiff-Respondent,
v.
Peter T. Kupaza, Defendant-Appellant.
No. 2005AP101.
Court of Appeals of Wisconsin, District IV.
May 25, 2006.
Before Lundsten, P.J., Dykman and Vergeront, JJ.
¶1 PER CURIAM.
Peter Kupaza appeals from an order denying his motion for WIS. STAT. § 974.06 (2003-04)[1] relief from convictions for first-degree intentional homicide and hiding a corpse with intent to conceal a crime. He asserts that he received ineffective assistance of trial counsel, and that he has newly discovered evidence warranting a new trial. Both issues concern the trial testimony of a subsequently discredited prosecution witness. We affirm.
¶2 The State charged Kupaza with the murder and concealment of his cousin. He was convicted and he appealed. In our decision affirming his conviction, we described the prosecution's "dog sniffing" evidence as follows:
[T]he jury heard testimony from a dog trainer who claimed her dog was able to identify human blood that could not be detected by other means. She told the jury that her specially trained dog searched Kupaza's ... apartment and detected that human blood had been in Kupaza's bathtub and on several other surfaces in his bathroom. In addition, the dog detected human blood on Kupaza's kitchen knives, a cutting board, a mop, and several doorknobs.
State v. Kupaza, unpublished slip op. No. 2001AP790-CR, ¶11 (WI App Apr. 24, 2003).
¶3 Between the trial and our decision on Kupaza's appeal, the dog handler, Sarah Anderson, came under suspicion of planting false evidence at several crime scenes which her dog then "discovered." Consequently, our opinion on Kupaza's appeal addressed whether admitting Anderson's testimony was harmless, if error, and we concluded that it was harmless due to the strength of the State's other evidence against Kupaza. Id., ¶13. In so ruling, we assumed that the jury likely relied on Anderson's testimony to reach its verdict. See id., ¶26.
¶4 In Kupaza's current WIS. STAT. § 974.06 motion, he alleged that trial counsel provided ineffective representation because counsel did not counter Anderson's testimony with an expert defense witness who, in Kupaza's view, could have successfully impeached Anderson and revealed her to be a fraud. He also alleged newly discovered evidence consisting of Anderson's conviction on multiple federal charges resulting from planting fake evidence at crime scenes and then lying about it to federal law enforcement personnel. The trial court denied relief on the motion resulting in this appeal.
¶5 To prove ineffective assistance of counsel, the defendant must show that counsel's act or omission was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove prejudice, the defendant must show a reasonable probability of a different result but for counsel's ineffectiveness. Id. at 694.
¶6 Here, Kupaza cannot meet the test of prejudice under Strickland because, as we previously concluded, the admission of Anderson's testimony was harmless error even assuming the jury believed it and relied on it. We acknowledge that the test of harmless error differs from the ineffectiveness test for prejudice. However, the harmless error test is more favorable to defendants. Having affirmed Kupaza's conviction applying a test more favorable to him, we will not reverse now based on a test that is more favorable to the state. The supreme court has acknowledged that the harmless error test can substitute for the prejudice test, stating:
Because we have concluded that any error by the circuit court in admitting [evidence] was harmless, we accordingly conclude that any deficient performance by ... trialcounsel with respectto failingto object to the admissibility of the [evidence] was not prejudicial.
State v. Weed, 2003 WI 85, ¶35, 263 Wis. 2d 434, 666 N.W.2d 485.
¶7 Relying on the evidence of Anderson's criminally fraudulent behavior, Kupaza asks that we grant him a new trial in the interest of justice. He cites State v. Armstrong, 2005 WI 119, ¶113 n.25, 283 Wis. 2d 639, 700 N.W.2d 98, for the proposition that we have authority to do so on appeal in a WIS. STAT. § 974.06 proceeding, and argues that we should here because it is reasonably probable that a new trial would produce a different result now that Anderson is no longer available to the State as a credible witness. However, we decline to exercise our discretionary authority even if Armstrong establishes that we could do so in this case. It is not reasonably probable that a new trial would result in a different verdict. On Kupaza's first appeal we concluded beyond a reasonable doubt that a rational jury would have found Kupaza guilty without Anderson's testimony. We have no reason to change that analysis of the case against Kupaza.
By the Court.  Order affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.